UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLASSIC CHEESECAKE COMPANY, INC., HEARTLAND FOODS, INC., KAREN CURRY, DANNY WOODS, and KEYA MACON, <br><br>        *Plaintiffs*, <br><br>v. <br><br>BANK ONE N.A., <br><br>        *Defendant*. | Cause No. 1:05-cv-0236-WTL-JDT |

**ENTRY ON MOTION TO DISMISS**

This Matter is before the Court on Defendant's Motion to Dismiss. The Motion is fully briefed and the Court, being duly advised, **GRANTS** Defendant's Motion for the following reasons.

Plaintiffs Karen Curry, Keya Macon, and Danny Woods are shareholders of Classic Cheesecake Company, Inc ("Classic Cheesecake"). (Compl. ¶ 9.) On July 27, 2004, Plaintiffs Curry, Macon, and Woods, on behalf of Classic Cheesecake, presented a business plan to Mary Dowling, Vice President of Defendant's banking division in Indianapolis.[1] (Id. at ¶ 10.) Their purpose was to secure a small business loan from Defendant for the operations of Classic Cheesecake. (Id. at ¶ 11.)

---

[1] On July 19, 2005, Plaintiffs Amended their Complaint to change the Defendant party from Bank One, N.A. to JPMorgan Chase Bank, N.A. due to the merger of those entities into a national banking association named JPMorgan Chase Bank, N.A. Defendant's Motion to Dismiss was filed before Plaintiffs Amended their Complaint. Nonetheless, the name change of Defendant has no bearing on Defendant's Motion. Therefore, this Entry will apply to the Amended Complaint filed by Plaintiffs on July 19, 2005.

On July 30, 2004, Mary Dowling went to the Plaintiffs' office to discuss the Plaintiffs' loan application and assured the Plaintiffs that the loan would get done. (Id. at ¶ 13.) On August 31, 2004, Mary Dowling told Plaintiff Macon that to ensure the approval of the loan application, Macon had to pay off her student debt loan. (Id. at ¶ 14.) Plaintiff Macon obtained a loan from Plaintiff Heartland Foods and satisfied her student debt loan in September of 2004. (Id.)

On September 27, 2004, Mary Dowling told Plaintiffs that she was meeting with the Small Business Administration ("SBA") regarding the Plaintiffs' loan application and that their loan would be approved on September 30, 2004, by Defendant. (Id. at ¶ 15.) On September 30, 2004, Mary Dowling informed Plaintiffs that the loan was approved by the SBA, told the Plaintiffs the terms of the loan, and represented to the Plaintiffs that the loan would be approved on October 1, 2004, by Defendant. (Id. at ¶ 16.)

Relying on Mary Dowling's representations, Plaintiffs expanded the operations of Classic Cheesecake and incurred other business expenses. (Id. at ¶ 17.) On October 12, 2004, Mary Dowling informed Plaintiff Curry that Defendant had denied Plaintiffs' loan application. (Id. at ¶ 18.) On October 25, 2004, Plaintiffs received a letter from Mary Dowling confirming Defendant's denial of Plaintiffs' loan application. (Id. at ¶ 19.)

When ruling on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. McCullah v. Gardert, 344 F.3d 655, 658 (7th Cir. 2003). Dismissal is appropriate only if it appears beyond doubt that Plaintiffs can prove no set of facts consistent with the allegations in the complaint that would entitle them to relief. Hi-Lite Prods. Co. v. Am. Home Prods. Corp., 11 F.3d 1402, 1405 (7th Cir. 1993).

Indiana has enacted a Statute of Frauds specific to credit agreements. See I.C. § 26-2-9-1

et seq. A debtor may only seek enforcement of an alleged credit agreement if a written credit agreement exists, signed by both the creditor and the debtor, that includes all material terms and conditions of the credit agreement. See I.C. § 26-2-9-4 and 5; Wabash Grain, Inc. v. Bank One Crawfordsville, NA, 713 N.E.2d 323, 325-26 (Ind. Ct. App. 1999); Ohio Valley Plastics, Inc. v. National City Bank, 687 N.E.2d 260, 262-63 (Ind. Ct. App. 1997). Material terms include the loan amount, rate of interest, duration, and security interest. See I.C. § 26-2-9-4. "Regardless of whether the present cause of action is labeled as a breach of contract, misrepresentation, fraud, deceit, promissory estoppel, its substance is that of an action upon an agreement by a bank to loan money. Therefore, the Statute of Frauds applies." Ohio Valley Plastics, 687 N.E.2d at 263-64.

Defendant moves to dismiss Plaintiffs' Promissory Estoppel Claim because Plaintiffs are seeking to enforce a credit agreement that was not reduced to a signed writing with all of the material terms. Plaintiffs do not dispute that there was not a signed writing with all of the material terms. Plaintiffs, however, contend that for claims of promissory estoppel, there is an exception which serves to remove a case from the Statute of Frauds when a party suffers unjust and unconscionable injury and loss because of the other party's failure to fulfill the terms of the agreement. See Wabash Grain, 713 N.E.2d at 326; Ohio Valley Plastics, 687 N.E.2d at 264. Plaintiffs contend that their injuries were unjust and unconscionable. Specifically, Plaintiffs allege the following damages in their Complaint:

17. Relying on Mary Dowling's representations, Plaintiffs expanded the operations of Classic Cheesecake Company, Inc.: Plaintiffs obtained new contracts and continued to service established contracts to supply products to various hotels and casinos in Las Vegas, Plaintiffs incurred costs associated with traveling to Las Vegas to obtain said contracts, and Plaintiffs purchased equipment and products.

39. Plaintiff Macon satisfied her student loan in September 2004 per Mary Dowling's insistence.

> 40. Mary Dowling's representations resulted in unjust and unconscionable injury and loss, causing over one million dollars ($1,000.000.00) in lost business, profit, goodwill and business opportunities.
>
> 43. Plaintiffs' reliance on Mary Dowling's representations also caused Plaintiff Heartland Foods to lend in excess of six hundred thousand dollars ($600,000) to Plaintiff Classic Cheesecake for business operations and approximately eighteen thousand dollars ($18,000) to Plaintiff Macon to satisfy her student loans; Plaintiffs would not have used monies from Heartland Foods to finance Classic Cheesecake absent Mary Dowling's representations, and the accumulation of such a large debt will likely force both Heartland Foods and Classic Cheesecake to cease operations.

In Ohio Valley Plastics, the Court stated that "[n]either the benefit of the bargain itself, nor mere inconvenience, incidental expenses, etc. short of a reliance injury so substantial and independent as to constitute an unjust and unconscionable injury and loss are sufficient to remove the claim from the operation of the Statute of Frauds." Id. at 264 (citing Whiteco Indus., Inc. v. Kopani, 514 N.E.2d 840, 845 (Ind. Ct. App. 1987)). The Court held that, as a matter of law, the benefit of the bargain damages sought by the borrower "even when aggregated, fail to constitute a substantial and independent injury sufficient to remove Borrower's claim from the operation of the Statute of Frauds." Ohio Valley Plastics, 687 NE.2d at 264. These benefit of the bargain damages included "additional costs associated with the higher interest rate of the loan eventually obtained" and "incidental or reliance damages including, 1) lost business opportunities, 2) costs associated with delaying business plans dependent upon the purchase, 3) damages to Borrower's business reputation, the 4) costs of stationery which was unusable , and 5) other out of pocket expenses." Id.

The Court agrees with Defendant that the purported damages Plaintiffs seek are for lost business, lost profits, damages to business reputation, out-of-pocket expenses, and incidental and reliance damages (obtaining new contracts, making loans, paying off student loans, purchasing equipment and products). As stated in Ohio Valley Plastics, these damages do not constitute an

unjust or unconscionable injury sufficient to avoid the requirements of the Statute of Frauds.

The Statute of Frauds also bars Plaintiffs' claims for Fraud and Constructive Fraud. In their response to Defendant's Motion to Dismiss, Plaintiffs state that their Complaint "adequately states facts alleging actual fraud" and "explicitly pleads the requirements of constructive fraud." As quoted earlier, however, "[r]egardless of whether the present cause of action is labeled as a breach of contract, misrepresentation, fraud, deceit, promissory estoppel, its substance is that of an action upon an agreement by a bank to loan money. Therefore, the Statute of Frauds applies." Id. at 263-64. Plaintiffs make no attempt to explain why they should be excused from the application of the Statute of Frauds to their Constructive Fraud and Fraud claims. Therefore, the Statute of Frauds applies to those claims as well.

Counts II, III and IV of Plaintiffs' Complaint fail to state claims as a matter of law because they are based on an alleged oral promise to extend credit. Such claims are barred by the applicable Statute of Frauds. Therefore, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**. Counts II, III and IV of Plaintiffs' Amended Complaint are Dismissed.

ENTERED

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Nelson D. Alexander

LOCKE REYNOLDS LLP
nalexander@locke.com

Martin D. Allain
FULK & ALLAIN
mdallain@fulk-allain.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Steven T. Fulk
FULK & ALLAIN
stfulk@fulk-allain.com