IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLASSIC CHEESECAKE COMPANY, INC., et al., ) ) ) **Plaintiffs,** ) ) vs. ) ) JPMORGAN CHASE BANK, ) ) **Defendant.** ) | CAUSE NO. 1:05-cv-0236-WTL-JDT |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's motion for summary judgment and the Plaintiffs' cross-motion for summary judgment. Both motions are fully briefed, and the Court, begin duly advised, **DENIES** both motions for the reasons set forth below.

UNDISPUTED BACKGROUND FACTS

Plaintiffs Karen Curry and Danny Woods owned and operated Plaintiff Heartland Foods, Inc. ("Heartland"). One of Heartland's product lines was Classic Cheesecakes. In January 2002, Curry and Woods established Plaintiff Classic Cheesecake Company, Inc., ("Classic Cheesecake"). In July 2003, Plaintiff Keya Macon, a dessert chef, became a one-third owner of Classic Cheesecake.

On July 27, 2004, Curry, Macon and Woods (collectively referred to as "Plaintiffs"[1]), on behalf of Classic Cheesecake, met with Mary Dowling, vice president of the Indianapolis

---

[1] Macon has separate counsel from the other Plaintiffs and filed a separate brief in opposition to the Defendant's motion for summary judgment, but her arguments are entirely consistent with those of the other Plaintiffs.

Business Banking Division of Bank One N.A. ("Bank One"),[2] for the purpose of obtaining a business loan from Bank One. The three presented Dowling with a business plan, financial statements and income tax returns. On July 30, 2004, Dowling requested some additional documents, which Woods provided to her that same day.

As will be discussed in detail below, the parties dispute what happened next. Undisputed is that Bank One did not provide the financing sought by Classic Cheesecake.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." In determining whether a genuine issue of material fact exists, "a trial court must view the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *Robin v. Espo Engineering Corp.*, 200F.3d 1081, 1088 (7th Cir. 2000). "The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue." *Bilow v. Much Shelist Freed Deneberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 893 (7th Cir. 2001). "[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment," *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004); rather, "[t]he party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Robin*, 200 F.3d at 1088. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour

---

[2]Bank One has since been merged into Defendant JPMorgan Chase Bank, N.A..

the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## DISCUSSION

The Plaintiffs asserted several claims against the Defendant, all but one of which has been dismissed. In the remaining claim, the Plaintiffs assert that the Defendant violated a provision of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d)(1), which provides: "Within thirty days (or such longer reasonable time as specified in regulations of the Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." In their motion for summary judgment the Plaintiffs, supported by their affidavits and deposition testimony, set forth what appears to be a clear violation of the thirty-day notice provision, alleging the following:

1. On July 27, 2004, the Plaintiffs met with Mary Dowling to request financing for Classic Cheesecake and submitted a business plan and supporting documents in support of their request.

2. On July 30, 2004, Dowling requested additional documents to support the application; Woods provided Dowling with the information the same day, and Dowling told him that she would complete Classic Cheesecake's loan application that day.[3] Woods Affidavit at ¶ 23.[4]

---

[3] The Plaintiffs assert that their loan application was complete on July 27, 2004, which is curious in light of the undisputed evidence that Dowling requested additional information on July 30, 2004, and only upon receipt of that information said that she would complete the application that day.

[4] Many of the parties' asserted facts are contained in multiple affidavits; for convenience, the Court will cite to only one of the affidavits that supports each assertion.

      3.      The Plaintiffs were not notified that the loan application was denied until October 12, 2004, 74 days after July 30, 2004. Curry Affidavit at ¶ 48.

The Defendant presents a very different version of events. First, the Defendant argues that the 30-day notice provision does not apply to the Plaintiffs' loan request because it falls under an exception to that provision contained in 12 C.F.R. § 202.9 (hereinafter referred to as "Regulation B") applies. Regulation B provides:

> With regard to a business that had gross revenues in excess of $1 million in its preceding fiscal year . . . , a creditor shall: (A) Notify the applicant, within a reasonable time, orally or in writing, of the action taken; and (b) Provide a written statement of the reasons for adverse action and the ECOA notice specified in paragraph (b)(1) of this section if the applicant makes a written request of the reasons within 60 days of the creditor's notification.

12 C.F.R. § 202.9(a)(3)(ii). Regulation B further provides that "[w]hen an application involves more than one applicant, notification need only be given to one of them but must be given to the primary applicant where one is readily apparent." 12 C.F.R. § 202.9(f). Classic Cheesecake did not have gross revenues in excess of $1 million in fiscal year 2003, but Heartland did, and the Defendant asserts that "[b]ecause Classic Cheesecake had a short financial history, Bank One only considered making a loan to Classic Cheesecake as part of a total loan package to Heartland" and therefore Heartland was an applicant, the application fell under the exception in Regulation B, and notice was not required within 30 days, but only within a reasonable time.

      There is conflicting evidence regarding whether Classic Cheesecake was the single applicant for a loan or part of a multi-applicant loan package. The Plaintiffs assert that they applied for a loan for Classic Cheesecake alone and that they were not told that Bank One was only considering a loan package with Heartland as the primary applicant. Woods Affidavit at ¶¶ 44-46. The business plan that the Plaintiffs presented to Dowling on July 27th sought the

4

following loans for Classic Cheesecake: a $580,000 equipment loan; a $150,000 leasehold improvement loan; and a $500,000 operating line of credit. The record contains Business Credit Application forms that list Classic Cheesecake as the "Borrowing Entity" and the Plaintiffs and Heartland each as "Owner/Guarantor" seeking $295,000 to purchase equipment, $150,000 for leasehold improvements, and $500,000[5] for a revolving line of credit. However, the record also contains a Business Credit Application form listing Heartland as the applicant and seeking $2,100,000 to refinance a loan from another bank, and one listing J&K Holdings LLC as the applicant and seeking $725,000 to refinance the mortgage on a building owned by that entity and used for Heartland's business. Thus, there is a question of fact whether Heartland, J&K Holdings LLC and Classic Cheesecake were co-applicants, with Heartland as the primary applicant, or whether Classic Cheesecake was a sole applicant that was entitled to notice within 30 days pursuant to 15 U.S.C. § 1691(d)(1).

The Defendant argues that even if Classic Cheesecake was a sole applicant there nevertheless was no violation of the 30-day notice provision because the loan application was never "complete" and therefore the provision was never triggered. Regulation B defines a completed application as follows:

> A completed application means an application in connection with
> which a creditor has received all the information that the creditor

---

[5] The Business Credit Applications originally were dated 7/30/04; later the sevens in the date were changed to nines with a pen and $500,000 was crossed out and replaced with $250,000. The Defendant asserts that this was done by Dowling because the initial loan application was denied on 8/30/04 and Dowling then resubmitted a slightly different request with some additional information on 9/30/04 using the same forms. The Defendant also asserts that Dowling notified the Plaintiffs that their loan application had been rejected on August 30, 2004, an assertion that the Plaintiffs flatly deny. *Cf.* Dowling Affidavit at ¶ 13 *with* Curry Affidavit at ¶ 48 and Woods Affidavit at ¶ 48.

> regularly obtains and considers in evaluating applications for the amount and type of credit requested (including, but not limited to, credit reports, any additional information requested from the applicant, and any approvals or reports by governmental agencies or other persons that are necessary to guarantee, insure, or provide security for the credit or collateral). The creditor shall exercise reasonable diligence in obtaining such information.

12 C.F.R. § 202.2. The Defendant asserts that the loan application was incomplete because it needed documentation to support the "aggressive financial projections" contained in Classic Cheesecake's business plan. The Defendant asserts that it requested this information, as well as Macon's personal financial statements and tax returns, but those documents were never provided to it and therefore the application was never complete. Dowling Affidavit ¶¶ 10-11. Nonetheless, the Defendant asserts, Dowling submitted the incomplete application for approval twice; the applications were rejected both times, in part due to the lack of support for the business plan's "extremely aggressive financial projections." *Id.* at ¶¶ 12-15.

Once again, the Plaintiffs' version of events is diametrically opposed to the Defendant's. The Plaintiffs assert that Dowling never told them that the application was incomplete, never requested the information that the Defendant now says was missing from the application, and, in fact, assured them that the loan application would be approved. Woods Affidavit at ¶ 50. Certainly the Plaintiffs are correct that there is no written request for additional information in the record, although pursuant to 12 C.F.R. § 202.9(c)(3) notification that additional information is needed may be made orally. The Plaintiffs also assert that various Bank One policies required that certain procedures be followed if a loan application was incomplete and that the documents of record indicate that either the procedures were not followed or that the application was, in fact, complete. Finally, the Plaintiffs point out that the contemporaneous reasons given by Bank

One for the denial do not mention that the application was incomplete. Therefore, there is a question of fact regarding whether the loan application was "complete" as defined by Regulation B.

## CONCLUSION

For the reasons set forth above, there are disputes regarding material facts that preclude the entry of summary judgment in this case. Accordingly, both motions for summary judgment are **DENIED**.

SO ORDERED:   02/12/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Martin D. Allain
FULK & ALLAIN
office@fulk-assoc.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Steven T. Fulk
FULK & ASSOCIATES
stfulk@fulk-assoc.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jennifer Lyn Dolak VanLandingham
LOCKE REYNOLDS LLP
jvanlandingham@locke.com