**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CLASSIC CHEESECAKE COMPANY,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO. 1:05-cv-0236-WTL-JDT** |
| | ) | |
| **JPMORGAN CHASE BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY REGARDING MOTIONS IN LIMINE AND  PLAINTIFF MACON'S
RACE DISCRIMINATION CLAIM**

In preparation for the upcoming trial of this matter, the parties have filed their motions in limine, which the Court addresses below.  In addition, the other parties have objected to Plaintiff Keya Macon's proposed final jury instructions relating to a race discrimination claim; the Court addresses those objections below as well.

<u>Motions in Limine</u>

In their motion in limine, Plaintiffs Classic Cheesecake Company, Inc., Heartland Foods, Inc., Karen Curry, and Danny Woods ask the Court to bar mention of the fact that the Court dismissed Counts II, III, and IV of their complaint.  That motion is **GRANTED**.

In its motion in limine, the Defendant goes one step further and asks that the Court bar all evidence relating to the alleged misrepresentations that were the basis of the Plaintiffs' dismissed claims.  This request is **DENIED**, inasmuch as it will be necessary to provide some testimony regarding the statements that the Plaintiffs allege were misrepresentations in order to present to the jury in a coherent manner the facts relevant to the Plaintiffs' remaining claim; in other words, the Plaintiffs are entitled to tell the jury the story of what happened.

The Defendant also asks the Court to bar the Plaintiffs from presenting evidence regarding certain categories of damages because, the Defendant argues, they either are not available to the Plaintiffs as a matter of law or they are purely speculative.  If the jury determines that the Defendant violated the 30-day notice provision of the Equal Credit Opportunity Act ("ECOA"), the Plaintiffs will be entitled to recover "any actual damages" that they sustained as a result of the violation, in addition to the possibility of an award of punitive damages.  15 U.S.C. § 1691e(a).  The parties agree that "[a]ctual damages under ECOA are out-of-pocket monetary losses, injury to credit reputation, and mental anguish, humiliation or embarrassment."  *See Fischl v. General Motors Accep. Corp.*, 708 F.2d 143, 148 (5th Cir. 1983).  The parties disagree, however, on what the Plaintiffs' potential out-of-pocket monetary losses are in this case.

Assuming a violation occurred, clearly the Plaintiffs are only entitled to those monetary losses that were proximately caused by the violation.  That means that for any alleged loss the Plaintiffs will be required to prove that the loss would have not occurred had the Defendant complied with the statute; that is, had the Defendant provided notice in a timely manner.  The Plaintiffs will not be able to recover for the fact that they did not receive a loan from the Defendant, only for the fact that they were not notified that their application was denied within the time provided for in the ECOA.  The Court cannot say without hearing the Plaintiffs' evidence whether any particular category of damages is viable, and therefore the motion in limine must be **DENIED**.  However, if at trial the Plaintiffs do not present evidence from which the jury reasonably could determine that a particular loss was proximately caused by the ECOA violation, rather than the failure to receive the loan, the jury will be specifically instructed that

they may not include that alleged loss in any damages award.[1]  Therefore, the Plaintiffs are cautioned to examine their damages claim and the evidence supporting it to ensure that they do not seek damages that are merely speculative or that were caused by something other than the specific ECOA violation at issue in this case.

Finally, the Defendant argues that Plaintiff Heartland Foods, Inc., should not be permitted to seek damages under the ECOA because it has taken the position that it was not an applicant on the loan application.  However, the question of who the applicants were is a question of fact for the jury to resolve.  If Heartland was an applicant, it was entitled to receive notice within a reasonable time; whether it did would be another question for the jury.

<u>Plaintiff Macon's Discrimination Claim</u>

Plaintiff Keya Macon has submitted jury instructions relating to a claim for racial discrimination pursuant to the ECOA, 15 U.S.C. § 1691.  This frankly came as quite a surprise to the Court, inasmuch as race discrimination (or even Ms. Macon's race) had not been mentioned in anything filed in this case up to that point.  Macon argues that under the minimal requirements of Federal Rule of Civil Procedure 8's "notice pleading," the assertion of a claim for violation of 15 U.S.C. § 1691, coupled with the Defendant's knowledge that she is African-American, is sufficient to put the Defendant on notice that she is alleging that it discriminated against her on the basis of her race.  Notice pleading requires more than pleading the violation of a statute, however; a litigant must plead "a short and plain statement of the claim that will give the

---

[1]The Defendant argues that the "window" for the Plaintiffs' damages is the time between the date the notice was due under the statute and October 12, 2004, the date the Plaintiffs contend they received notice, and therefore the Plaintiffs "should be barred from presenting any evidence of damages outside of those dates."  However, the correct question to ask is whether each particular alleged loss was proximately caused by the delay in notification, not when the loss occurred.

defendant fair notice of what the plaintiff's claim is *and the grounds upon which it rests*." *Kyle v. Morton High School*, 144 F.3d 448, 454 -55 (7th Cir. 1998) (emphasis in original). The complaint here does not mention either discrimination or the fact that Ms. Macon is African-American; therefore, it does not put the Defendant on notice that Ms. Macon believes she was discriminated against on the basis of her race.

"[T]he law reporters are brimming with instances where a complaint failed to state a claim because of the lack of fair notice of the operative facts or the gravamen of the statement for relief." *Id.* at 456. The reason why this is so is illustrated well by the facts of this case. 15 U.S.C. § 1691 prohibits a wide variety of activities relating to credit transactions: discrimination based upon race; discrimination based upon color; discrimination based upon religion; discrimination based upon national origin; discrimination based upon sex; discrimination based upon marital status; discrimination based upon age; discrimination based upon participation in a public assistance program; failure to provide timely notice; failure to provide specific and timely reasons for adverse actions; and failure promptly to provide a copy of an appraisal report when requested. If a complaint alleged only violation of the statute, the defendant would be left to wonder which type(s) of violation the plaintiff meant. Even alleging "discrimination" under the statute would not be sufficient, as the defendant would not know what type(s) of discrimination the plaintiff was alleging; here, for example, Ms. Macon is the member of at least two protected classes as an African-American woman. And where, as here, the complaint specifically sets forth a claim for violating the 30-day notice requirement contained in the statute, the defendant certainly could not be expected to anticipate that the plaintiff is also asserting one of the other possible claims under the same statute.

Ms. Macon argues that the Defendant was put on notice of her race discrimination claim

by her counsel's comments during an October 23, 2006, settlement conference and in a January

12, 2007, letter.  However, a party cannot assert a claim that is not raised by the pleadings except

by "express or implied consent of the parties," and the other parties in this case have given no

such consent; indeed, the Defendant and the other Plaintiffs have objected to her proposed jury

instructions on the issue.  Those objections are sustained;[2]  Ms. Macon may not pursue her

discrimination claim at trial.

Proposed Verdict Forms

The Court notes that the parties did not include proposed verdict forms in their proposed

final jury instructions; they shall file them by March 7, 2007.

SO ORDERED: February 27, 2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Martin D. Allain
FULK & ALLAIN
office@fulk-assoc.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Steven T. Fulk
FULK & ASSOCIATES
stfulk@fulk-assoc.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jennifer Lyn Dolak VanLandingham
LOCKE REYNOLDS LLP
jvanlandingham@locke.com

---

[2]The parties' remaining objections to each others' proposed final jury instructions will be addressed at a later date.