**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **CLASSIC CHEESECAKE COMPANY, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CAUSE NO. 1:05-cv-0236-WTL-JDT** |
| ) | |
| **JPMORGAN CHASE BANK,** ) | |
| ) | |
| **Defendant.** ) | |

## ENTRY REGARDING 12 C.F.R. § 202.9(C)

The parties disagree regarding the interpretation of 12 C.F.R. § 202.9(c), which reads:

(c) Incomplete applications--

   (1) Notice alternatives. Within 30 days after receiving an application that is incomplete regarding matters that an applicant can complete, the creditor shall notify the applicant either:

   (i) Of action taken, in accordance with paragraph (a) of this section; or

   (ii) Of the incompleteness, in accordance with paragraph (c)(2) of this section.

   (2) Notice of incompleteness. If additional information is needed from an applicant, the creditor shall send a written notice to the applicant specifying the information needed, designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application. The creditor shall have no further obligation under this section if the applicant fails to respond within the designated time period. If the applicant supplies the requested information within the designated time period, the creditor shall take action on the application and notify the applicant in accordance with paragraph (a) of this section.

   (3) Oral request for information. At its option, a creditor may inform the applicant orally of the need for additional information. If the application remains incomplete the creditor shall send a notice in accordance with paragraph (c)(1) of

this section.

The Plaintiffs argue that the requirement of paragraph (c)(1) that notice be given within 30 days after receiving an incomplete credit application applies regardless of whether oral notification is given pursuant to paragraph (c)(3), because paragraph (c)(3) provides that if the application remains incomplete after oral notification is given, "the creditor shall send a notice in accordance with paragraph (c)(1) of this section," and paragraph (c)(1), in turn, requires notice to be given within 30 days of receiving the incomplete application.

This argument ignores the fact that 12 C.F.R. § 202.9(a)(3) provides a different set of rules for business credit, stating that "[f]or business credit, a creditor shall comply with the notice requirements of this section in the following manner . . . ." 12 C.F.R. § 202.9(a)(3)(ii)(A) then provides an exception to the 30-day notice requirement for businesses with gross revenues of $1 million in the preceding year; such a business is not entitled to notice of the action taken on its application within 30 days, but rather "within a reasonable time." The most reasonable reading of "this section" in 12 C.F.R. § 202.9(a)(3) is that it applies to all of 12 C.F.R. § 202.9, based upon the typical "hierarchical scheme in subdividing statutory sections." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004) (citing L. Filson, The Legislative Drafter's Desk Reference 222 (1992)). Under that scheme, a "section" such as § 202.9 is first broken down into "subsections," starting with "(a)," and then further broken down in to paragraphs, subparagraphs, and clauses. *Id.* at 60-61 (citing House Legislative Counsel's Manual on Drafting Style, HLC No. 104-1, p. 24 (1995) and Senate Office of the Legislative Counsel, Legislative Drafting Manual 10 (1997)). This is consistent with the unequivocal use of "this section" to refer to § 202.9 as a whole in several places; *see, e.g.* § 202.9(a)(1)(ii) (". . . unless notice is provided in accordance with paragraph (c) of this section); § 202.9(a)(3)(i)(B) (". . . the ECOA notice

2

specified in paragraph (b)(1) of this section"); § 202.9(b)(1) (". . . disclosure requirements of paragraph (a)(2) of this section").

Inasmuch as the Defendant does not allege that it provided the Plaintiffs with either written notice of incompleteness or notice of denial within 30 days, the jury will be instructed that if it finds (1) that the application was never complete, and (2) that Heartland Foods Inc., was not an applicant, or one of the other applicants was the "readily apparent primary applicant," then it must find that the Defendant violated § 202.9(c).  It will then be up to the jury to determine what, if any, damages were caused by that violation.  However, if the jury finds that Heartland Foods, Inc. was the primary (or only) applicant, or that Heartland Foods, Inc., was an applicant and there was no other "readily apparent primary applicant," then it need not consider § 202.9(c) at all, because the only question will be whether the Defendant notified Heartland Foods, Inc., of the denial of the application within a reasonable time.

SO ORDERED:  03/19/2007

_William T. Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to counsel of record via electronic notification

3