**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **CLASSIC CHEESECAKE COMPANY,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO. 1:05-cv-0236-WTL-JDT** |
| | ) | |
| **JPMORGAN CHASE BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY REGARDING EMOTIONAL DISTRESS DAMAGES**

The Plaintiffs have tendered jury instructions which indicate their intention to ask the jury to award them damages for "mental anguish, humiliation, or embarrassment" (hereinafter "emotional distress damages"). The Defendant has objected to this on the ground that the Plaintiffs failed to include emotional distress damages in their response to interrogatories asking for "an itemized list of damages Plaintiffs claim they sustained as a result of the acts or omissions of Defendant." The Plaintiffs counter that the Defendant was on notice that they claimed emotional distress damages because they stated in affidavits submitted as part of summary judgment briefing that they suffered from severe emotional distress. There are two problems with this argument, however. First, the Defendant was entitled to rely upon the Plaintiffs' answers to its interrogatories that clearly seek the Plaintiffs' contentions regarding damages; the issue of damages was not relevant to or argued during the summary judgment process, and therefore the mention of damages in summary judgment affidavits was not sufficient to act as a de facto amendment of the Plaintiffs' interrogatory answers. Second, the affidavits pointed to by the Plaintiffs state that the emotional distress they suffered was the result of "Dowling's misrepresentations and Classic Cheesecake's reliance on the same." However,

the Plaintiffs' claims based upon Dowling's alleged misrepresentations have been dismissed;

damages at trial will be limited to any damages suffered by the Plaintiffs as a result of the

Defendant's violation of certain notice provisions, if the jury finds that a violation occurred.[1]

Federal Rule of Civil Procedure 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Federal Rule of Civil Procedure 26(a)(1)(C) required the Plaintiffs to provide as part of their

initial disclosures "a computation of any category of damages claimed" as well as "materials

bearing on the nature and extent of the injuries suffered," and the Defendant specifically sought

information about the damages claimed by the Plaintiffs in its interrogatories.[2]  The Plaintiffs

have not demonstrated substantial justification for failing to provide information regarding the

emotional distress damages they now claim, and their failure to do so was not harmless, as the

Defendant was deprived of the opportunity to conduct discovery regarding the nature and extent

of these damages and whether the emotional distress claimed may have had another cause.

Accordingly, the Plaintiffs will not be permitted to seek emotional distress damages at trial.

---

[1]The Plaintiffs also point to the fact that Plaintiff Danny Woods testified during a Rule 30(b)(6) deposition that he suffered emotional distress; again, this testimony related to distress caused by Dowling's alleged misrepresentations, not by the alleged notice violations that remain at issue in this case.

[2]The Plaintiffs' argument that they did not have to list *all* of the damages they sought because the interrogatory did not use the word "all" is without merit.

2

SO ORDERED:   03/19/2007

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Martin D. Allain
FULK & ALLAIN
office@fulk-assoc.com

John Michael Bowman
PLEWS SHADLEY RACHER & BRAUN
mbowman@psrb.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Steven T. Fulk
FULK & ASSOCIATES
stfulk@fulk-assoc.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jennifer Lyn Dolak VanLandingham
LOCKE REYNOLDS LLP
jvanlandingham@locke.com

3