THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLASSIC CHEESECAKE COMPANY, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) CAUSE NO. 1:05-cv-0236-WTL-JDT ) |
| JPMORGAN CHASE BANK, | ) ) |
| Defendant. | ) |

### ENTRY REGARDING POST-TRIAL MOTIONS

This case began as a four-count complaint filed by five Plaintiffs (two corporations and three individuals) against Defendant Bank One N.A. (now known as JPMorgan Chase Bank and hereinafter referred to as "Chase") alleging violation of the Equal Credit Opportunity Act ("ECOA") and actual and constructive fraud and asserting a claim for promissory estoppel. A motion to dismiss led to the dismissal of all but the ECOA claim early in the case. The three individual Plaintiffs were dismissed after the close of the Plaintiffs' case at trial. The jury then found in favor of Chase as to Plaintiff Heartland Foods, Inc., and in favor of Plaintiff Classic Cheesecake Company, Inc. ("Classic Cheesecake") as to its ECOA claim. The jury determined that Chase had, in fact, violated the ECOA as to Classic Cheesecake, but that Classic Cheesecake was not entitled to any compensatory damages. However, the jury awarded Classic Cheesecake $42,000 in punitive damages.

Five days later, Chase filed a motion entitled Motion to Limit Punitive Damages in Accordance with Statute, which the Court deems to be a motion to amend or alter the judgment pursuant to Rule 59(e). In its motion, Chase correctly argues that the punitive damages award must be reduced to $10,000 pursuant to the ECOA. *See* 15 U.S.C. § 1691e(b) (limiting punitive

damages under the ECOA to $10,000).  Accordingly, the motion is **GRANTED** and the judgment will be amended accordingly.[1]

Also pending are the Plaintiffs' motions for attorney's fees.  The ECOA provides that "[i]n the case of any successful action under subsection (a), (b), or (c), the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection."  15 U.S.C. § 1691e(d).  All of the Plaintiffs seek attorney's fees–Plaintiff Keya Macon, who was represented by separate counsel, has filed a motion on her own behalf, and the remaining Plaintiffs have filed a joint motion.  However, only Classic Cheesecake brought a successful action under the ECOA, and therefore only Classic Cheesecake is entitled to fees.

This is a distinction without a practical difference for the non-successful Plaintiffs who were represented by Fulk & Associates, LLC, along with Classic Cheesecake, inasmuch as all of the hours billed by that firm were attributed to all four of its clients.  However, Plaintiff Keya Macon was represented separately by the law firm of Plews Shadley Racher and Braun LLP.  Macon argues in her motion that she is entitled to a fee award because her attorneys' efforts "uniquely contributed to the strength of Classic Cheesecake's claims."  The Court agrees that Macon's main attorney, J. Michael Bowman, did, in fact, make a number of significant contributions to this litigation; there is no question that Macon was well-represented in this case.  Unfortunately for Macon, however, she ultimately was entirely unsuccessful in her claim, and therefore simply is not entitled to an award of attorney's fees.  *See Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666 (7th Cir. 2001)  ("A litigant who left the court emptyhanded gets no

---

[1] The Court notes that, unfortunately, a separate document reflecting the judgment was not entered as required by Rule 58 at the time the judgment was entered in the civil docket pursuant to Rule 79(a).

fees.") (citations and internal quotation marks omitted).[2]

Thus, Classic Cheesecake, and only Classic Cheesecake, is entitled to an award of attorney's fees, and the Court must determine the appropriate amount of that award.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Classic Cheesecake's fee petition, which the Court finds to be adequately supported as to both the hours expended and the reasonableness of the hourly rates requested, indicates that its attorneys (and law clerks) spent a total of 621.5 hours litigating this case which, when multiplied by the various applicable hourly rates, equals fees in the amount of $104,585. In addition, Mr. Bowman entered his appearance on behalf of Classic Cheesecake after a directed verdict was entered against Macon and spent eight hours at an also reasonable hourly rate of $185 representing Classic Cheesecake on the last day of trial, for a total of $1,480. Thus, the starting point for determining the amount of fees that should be

---

[2]The cases cited by Macon to support her argument that she is entitled to a fee award even though she lost at trial are all inapposite. First, Macon cites *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) for the proposition that a party is a "prevailing party" if she "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Macon Brief at 2 (emphasis in original). *Hensley* involved plaintiffs who were successful on five out of six claims and the issue of whether a fee award should be "proportioned to be consistent with the extent to which a plaintiff has prevailed." 461 U.S. at 432. The Court was not faced with, and therefore did not address, a case such as this one in which only one of several plaintiffs were successful on any of the proffered claims. *Davis v. Board of Sch. Comm'r*, 600 F.2d 470 (5th Cir. 1979), involved the unique situation of a class action in which the class representatives did not prevail in their individual cases but were successful in obtaining significant relief for other members of the class, while the two other cases cited by Macon, *Baker v. City of Detroit*, 504 F. Supp. 841 (E.D. Mich. 1980), and *Donnell v. United States*, 682 F.2d 240 (D.C. Cir. 1982), both involve another unique situation–that of defendant-intervenors.

awarded in this case, often referred to as the lodestar, is $106,065.

From that starting point, the Court must consider whether the lodestar should be adjusted upward or downward based upon other considerations, the most important of which is the result obtained by Classic Cheesecake and whether it "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434.

> If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Id.* at 436.

The parties' positions regarding the application of this critical factor to the circumstances of this case are diametrically opposed. The Plaintiffs characterize the jury's verdict as a "complete success" for them. Plaintiffs' Brief at 6. They further assert that the issues in this case were complex and that the jury's award of punitive damages, even in the face of no compensatory damages, demonstrates that an important public interest was vindicated by the pursuit of this case. Therefore, the Plaintiffs argue, the lodestar should be adjusted upward. On the other hand, Chase, noting that Classic Cheesecake was awarded only a tiny fraction of the amount of damages the Plaintiffs claimed throughout this case, argues that Classic Cheesecake's success in this case was "severely limited" and that it is entitled to, at most, an award of nominal fees. *Cf. Cole v. Wodziak*, 169 F.3d 486, 488 (7th Cir. 1999) ("A paltry jury award–for example, $1 in *Farrar*–implies that the only reasonable fee is zero.") (citing *Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992)).

The Court believes that both parties overreach. An award of $10,000 in punitive

damages is not "nominal." However, it is completely unreasonable to assert that the Plaintiffs achieved "complete success" in this case. Classic Cheesecake argued during its closing argument that it was entitled to more than $4.4 million in compensatory damages plus punitive damages, and the jury awarded it zero in compensatory damages and $42,000 (now reduced to $10,000) in punitive damages. There is no escaping the fact that Classic Cheesecake was awarded a tiny fraction of the damages it sought. Because "where damages are the primary goal of a lawsuit, a comparison between the damages sought and those awarded is highly relevant to the reasonableness of the fee petition," *Johnson v. Kakvand*, 192 F.3d 656, 662 (7th Cir. 1999), the Court must give significant weight to the fact that Classic Cheesecake was awarded a very small percentage of the damages it requested at trial.

Chase also asserts that the Court must consider the fact that it made a settlement offer of $10,000 in October 2006 and another of $20,000 in February 2007. The Plaintiffs, citing *Cole*, 169 F.3d 486, argue that because Chase did not make an offer of judgment pursuant to Federal Rule of Civil Procedure 68, it is not entitled to the benefit of that rule–the preclusion of all fees and costs incurred after the date of the offer–and, indeed, Chase stops short of making that argument. However, *Cole* notwithstanding, the Seventh Circuit has held that "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply" because "[a]ttorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation." *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). "[A]n offer is substantial if . . . the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing

5

party"[3]; "in such circumstances, a district court should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer." *Id.*

With all of these factors in mind, the Court determines that it is appropriate to reduce the lodestar in this case by fifty percent. As already noted, the Court believes that Classic Cheesecake's victory was more than nominal, especially in light of the fact that the jury agreed with its assertion that it was entitled to punitive damages.[4] However, also as already noted, the Court finds that Classic Cheesecake's award was "low *enough* in relation to the demand" to require it to "jettison the lodestar apparatus and choose an appropriate fee using other means." *Cole*, 169 F.3d at 487. While Classic Cheesecake clearly did not receive an award of fifty percent of the amount of monetary damages that it requested, it did succeed in convincing the jury that it was entitled to a significant award of punitive damages. In light of that fact, the Court believes that an award of $53,032.50 is reasonable.

Finally, Classic Cheesecake seeks costs (exclusive of fees) in the amount of $2,748.65.

---

[3]The Plaintiffs point out that Chase did not offer $10,000 or $20,000 to settle just Classic Cheesecake's claims, but rather its offer encompassed the claims of all five Plaintiffs (none of whom had been dismissed at that time) as well as the Plaintiffs' right to appeal the Court's earlier ruling dismissing several of their claims. While those facts were certainly relevant to the Plaintiffs' consideration of whether to accept Chase's settlement offers, they are not relevant to the issue as framed in *Moriarty*, which is whether the prevailing party, Classic Cheesecake, accomplished anything by continuing to litigate (and accumulate fees) rather than accept the settlement offer.

[4]The Court notes that the fact that four out of the five original Plaintiffs did not prevail does not require, and indeed would not justify, a proportional (i.e. four-fifths) reduction of Classic Cheesecake's fee award, as most of the work done by counsel was equally applicable to all of the Plaintiffs' claims. Because it would be virtually impossible to determine which, if any, of the billed hours were not relevant to Classic Cheesecake's ultimately successful claim, the Court has chosen to "reduce the award to account for the limited success" rather than "attempt[ing] to identify specific hours that should be eliminated." *Hensley*, 461 U.S. at 436-37.

Chase does not dispute the reasonableness or appropriateness of these costs.  However, the Court notes that $145.78 of the enumerated costs are for postage and delivery services, which are not properly taxed as costs.  Accordingly, that amount must be subtracted; costs (exclusive of fees) are awarded to Classic Cheesecake in the amount of $2,602.87.

    SO ORDERED:   11/02/2007

    Hon. William T. Lawrence, Magistrate Judge
    United States District Court
    Southern District of Indiana

Copies to all counsel of record via electronic notification